ORDERED in the Southern District of Florida on December 8, 2009



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE: VERONICA CABRERA  
SSN: XXX-XX-7122

CASE NO. 09-17809-AJC  
Chapter 7

Debtor.
_____/

## MEMORANDUM DECISION TO ALLOW CREDIT UNION SET-OFF AGAINST PLEDGED FUNDS ON DEPOSIT AND DENYING DEBTOR'S MOTION FOR CREDIT UNION TO RELEASE FUNDS

THIS CAUSE came before the Court on August 19, 2009 upon the Motion for Order Allowing Set-Off Against Pledged Funds on Deposit [D.E. 34] filed on behalf of Secured Creditor South Florida Educational Federal Credit Union ("Credit Union") and the Debtor's Motion for Credit Union to Release Funds [D.E. 35]. The Court having reviewed the file, heard argument of counsel, and being otherwise advised in the premises, this Court issues the following memorandum decision:

### ISSUE

Whether a federal credit union may apply pre-petition funds on deposit to offset a mutual debt based upon either the debtors contractual pledge of those funds or the statutory lien granted by

CASE NO. 09-17809-AJC

the Federal Credit Union Act, notwithstanding that the Debtor has claimed the deposits as exempt.

## FACTUAL BACKGROUND

The following sets forth only the material facts which are without dispute and material to the issue presented.

The Debtor received a loan evidenced by a Credit Card Agreement (the "Note") from the Credit Union. The Note clearly states that monies due and unpaid are secured by all present and future shares and/or deposits in Credit Union account #70534930.

In addition to this contractual pledge, the subject account was further secured pursuant to the authority granted under the Federal Credit Union Act, 12 U.S.C. 1757(11). The Credit Union's fully disclosed their federal statutory lien rights and security interest to the Debtor.

The Debtor filed her voluntary Chapter 7 petition on April 28, 2009 and at that time had on account with the Credit Union the aggregate sum of $1,820.84 (the "Funds"). On the petition date, the Debtor was indebted to the Credit Union under the Note for $1,818.62.

The Debtor claimed the sum of $2,522.00 on deposit with the Credit Union was exempt pursuant to Fla. Stat. §§222.16 and 222.25(4).

## ANALYSIS

The Credit Union has a right, under both state and federal law, to offset the mutual pre-petition debt between the Credit Union and the Debtor. A resident of this State may freely and voluntarily pledge or otherwise alienate exempt property in a loan transaction. The ability of a wage earner to pledge or otherwise assign wage earnings has long been recognized and for more than 100

CASE NO. 09-17809-AJC

years, Florida's courts have recognized that exempt property may be assigned. *See Cator v. Blount*, 25 So. 283 (Fla. 1899).

The Debtor herein, as have countless other individuals, agreed to pledge her deposit account balances as security for her loan. It is now commonplace, particularly for individuals seeking a "fresh start" after bankruptcy, to pledge an account at a financial institution in order to be granted a secured credit card. More often than not, these funds were derived from wages, the individual's sole source of income. Florida law, although allowing certain property to be claimed as exempt, does not protect that property from execution by the creditor to whom it was pledged. Furthermore, neither the Code nor this Court require that secured creditors, such as the Credit Union, object to claimed exemptions, whether homestead or wages, for to require such action would be both unnecessary and overly burdensome on this Court and all parties concerned.

The clearest examples of exceptions to the exemption rule are homestead and life insurance policies, commonly used to secure a loan, which may thereafter be forcibly liquidated for that specific debt. The Code specifically recognizes that a foreclosure judgment is an exception to the judicial lien due to the fact that its underlying basis was a consensual pledge of exempt property. There is no exemption in Florida more sacrosanct than homestead. However, even judicial liens are enforceable in a bankruptcy and non-bankruptcy context if the underlying obligation was a "security interest". *In re Beckley*, 210 B.R. 391 (Bankr. M.D. Fla. 1997) involved a debtor who purchased a condominium subject to a recorded Declaration of Covenants which subjected the property to a lien for unpaid future assessments. A judgment for unpaid assessments forced the debtor to file a chapter 7 case and the debtor attempted to avoid the lien as it impaired her exempt homestead property.

CASE NO. 09-17809-AJC

Under 11 U.S.C.§101(51) a "security interest" is an agreement that provides for a lien. It was held that the judgment could not be avoided under §522(f)(1). Judge Proctor, citing Florida law, stated that by accepting the deed, the debtor had actual or constructive notice of the security interest and therefore manifested the intent to have the exempt property stand as collateral for any future obligations. The Debtor herein is placed on constructive notice of the federal statutory lien — and moreover, the Debtor agreed to the terms of the security in the note and was further advised by the Membership Agreement.

The Debtor herein attempts to rely upon §222.11, Florida Statutes, as authority for her exemption. A reading of that section, designated "Exemption of wages from garnishment," clearly evidences that the legislative intent is to protect the wages of the head of household from ***non-consensual legal process***, and not to prohibit assignment or pledging of wages. Fla. Stat. §222.11. The statute specifically states that legal process will be issued by the court and served by a judicial officer. Fla. Stat. §222.12. Wages do not enjoy blanket statutory protection, even from non-consensual lien creditors. Chapter 222 limits the exemption for wages placed in accounts to six months and further limits the amount of wages a head of household may protect. Fla. Stat. §222.11(3). Further, in the case at bar, the Debtor has not offered any evidence to establish that the account at issue was comprised of wages.

The legislative intent on the issue of wage exemptions is clear. Chapter 222 specifically includes language which permits the head of a family to allow his [her] disposable wages to be garnished. *Williams v. Espirito Santo Bank of Florida*, 656 So.2d 212 (Fla. 3rd DCA 1995). Florida has granted the head of household wage earner exemption from involuntary judicial process but

additional protection against consensual liens is not intended by this statute. Even assuming the monies in the account in question are exempt, the Code grants the Debtor the right to avoid only certain liens that impair exempt property. 11 U.S.C. §522. The lien and security interest held by the Credit Union is not avoidable by exemption.

Debtor's reliance on the North Carolina case of *In re Laues*, 90 B.R. 158 (Bankr. E.N.C. 1988) is misplaced as that Court found no basis for the credit union's lien on the debtor's account. *Id.* at 161. Here, the Credit Union has a perfected lien recognized by both state law and the Federal Credit Union Act.

The Federal Credit Union Act grants federally chartered credit unions a floating lien on all shares on deposit in credit union accounts.[1] A credit union's security interest in a debtor's share draft account is authorized by the Federal Credit Union Act, and thus, a credit union has statutory authority to create such security interest, despite exclusion of bank accounts from the scope of Article 9, Uniform Commercial Code. *In re Gifford*, (Bankr. W.D.Ky. 1994). The United States Supreme Court has stated that pursuant to the preemption doctrine (derived from the Supremacy Clause of the Federal Constitution, Art. VI, cl.2) federal law will preempt state law if "the state law and the federal law are in actual conflict so that compliance with both is physically impossible or the state law obstructs the accomplishment of the full objectives of Congress." *International Paper Company v. Oulette*, 479 U.S. 481, 491 (1987). *See In re Perry Nolan Brewer*, 209 B.R. 575 (Bankr. S.D. Fla. 1996) fn.1. "[W]here the statutory lien is created by Federal law, Federal law governs."

---

1 "[F]ederal credit union shall have the power to impress and enforce a lien upon the shares and dividends of any member, to the extent of any loan made to him" 12 U.S.C. 1757(11), commonly known as the Federal Credit Union Act §107(11).

CASE NO. 09-17809-AJC

*Aylward v. United States*, 208 B.R. 565 (Bankr. M.D. Fla. 1997).

The Credit Union's lien was perfected under Federal law by virtue of its insertion in the Note of its intent to impress a lien on all permissible accounts of the Debtor; and, under Florida law by virtue of the contractual pledge. *See In re Gifford*, 174 B.R. 231 (Bankr. W.D. Ky. 1994). In the case of *In re Northeastern International Airways, Inc.*, 99 B.R. 487 (Bankr. S.D. Fla. 1989), this court affirmed that Florida law is in accord that in a bankruptcy context, monies held by a creditor as security for the performance of a debtor's obligations, even without the benefit of a written security agreement, is perfected and enforceable.

The Debtor has not attempted to take advantage of the Code mandated procedure for avoiding liens that impair exempt property of the debtor. 11 U.S.C. §522(f). Notwithstanding, the contractual and statutory liens are neither judicial nor non-possessory. The Code further states that property exempted is not liable for any debt that arose before the commencement of the case, except a debt secured by a lien that is not avoided under subsections (f) or (g). 11 U.S.C. §522(c)(C)(2)(A)(i). For the foregoing reasons,

it is therefore **ORDERED AND ADJUDGED** as follows:

1. The Credit Union's Motion for Order Allowing Set-Off Against Pledged Funds on Deposit is GRANTED.

2. The Credit Union is authorized to retain the sum of $1,818.62 currently on deposit with the Credit Union as a set off against pre-petition debt without further motion or order.

3. Debtor's Motion for Credit Union to Release Funds is DENIED, however, any remaining balance on deposit with the Credit Union after set-off shall be promptly delivered to

CASE NO. 09-17809-AJC

the Debtor upon written request with instructions without further motion or order.

### 

Submitted by:

Steven L. Beiley, Esq.
Adorno & Yoss LLP
2525 Ponce de Leon Blvd.
Suite 400
Miami, FL 33134
Phone: (305) 460-1000
Fax:  (305) 460-1422

Copies Furnished to:
Steven L. Beiley, Esq.

*(Attorney Beiley is hereby directed to serve a conformed copy of this Order on all interested parties and to file a Certificate of Service with the Court)*